UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:15-cv-11447-IT |
| CAPITAL FINANCIAL PARTNERS, LLC, CAPITAL FINANCIAL HOLDINGS, LLC, CAPITAL FINANCIAL PARTNERS ENTERPRISES, LLC, WILLIAM D. ALLEN and SUSAN C. DAUB, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| WJBA INVESTMENTS, LLC, INSURANCE DEPOT OF AMERICA LLC, SIMPLIFIED HEALTH SOLUTIONS LLC and SIMPLIFIED HEALTH SOLUTIONS 2, LLC, | ) ) ) ) ) | |
| Relief Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO
CONDUCT EXPEDITED DISCOVERY AND FOR AN
EXTENSION OF THE TEMPORARY RESTRAINING ORDER
OR, IN THE ALTERNATIVE,
FOR A ONE-DAY POSTPONEMENT OF THE HEARING
<u>ON ITS MOTION FOR A PRELIMINARY INJUNCTION</u>**

Pursuant to Fed. R. Civ. P. 26(b)(1) and 65(b)(2), plaintiff Securities and Exchange Commission ("the Commission") moves for entry of an order: (1) allowing it to conduct expedited discovery in advance of a hearing on its motion for a preliminary injunction [Dkt. #24]; (2) extending the Temporary Restraining Order, Order Freezing Assets, and Order for Other Equitable Relief entered on April 1, 2015 ("the TRO" [Dkt. #10]) for fourteen days

(*i.e.*, until April 28); and (3) continuing the hearing on the preliminary injunction motion now scheduled for April 13, 2015.[1]  If the Court declines to enter such an order, then the Commission requests a one-day postponement of the April 13 hearing on its preliminary injunction motion.

In support of its motion for leave to conduct expedited discovery and for an extension of the TRO, the Commission submits a declaration by Michael J. Vito, Esq. and states as follows:

1.  The Commission served defendants Daub and Allen on April 2 and April 6, 2015, respectively.  [Dkt ##18 & 22.]  Service has also been made upon the two Massachusetts-based corporate defendants.[2]  [Dkt. ##20-21.]  As of the time of filing this motion, the Commission has not been contacted by any defendant or any attorney on their behalf.

2.  The Commission believes that the evidentiary materials submitted in support of its emergency *ex parte* motion for a temporary restraining order demonstrate that:  (1) the Commission is likely to prevail on its claims that the defendants have violated, and are continuing to violate, the federal securities laws; and (2) there is a significant risk that the defendants and relief defendants will continue to dissipate the investors' money absent an asset freeze.  The Commission is fully prepared to attend a hearing on its motion to convert the TRO into a preliminary injunction whenever the Court directs.

3.  On the other hand, the Commission would like the opportunity to conduct expedited – and limited – discovery to obtain additional evidence about each defendant's participation in the scheme and about the diversion of investor funds.  The Commission proposes to subpoena the relevant banks for account records of Allen and Daub and for updated account

---

[1]  A proposed form of Order is submitted herewith.

[2] The process of effecting service upon the remaining corporate defendant and the four relief defendants, all based in Florida, is underway.  As a practical matter, however, service on those entities is a pro forma exercise, as defendants Allen and Daub, their sole principals, have been served.

2

records of the corporate defendants and relief defendants. The Commission proposes to subpoena documents from the defendants' accountants. Lastly, the Commission proposes to take the depositions of Allen and Daub.

4. The Commission may obtain expedited discovery upon a showing of "good cause" establishing "the reasonableness of the request in light of all the circumstances." *Laughlin v. Orthofix Int'l*, 293 F.R.D. 40, 41 (D.Mass. 2013). Allowing the Commission to obtain additional evidence supporting the entry of a preliminary injunction is reasonable under the circumstances. Indeed, the latest information for certain bank accounts of defendant Capital Financial Partners, LLC indicates that on March 23, 2015 – barely one week before the Commission filed this action – another $2 million was wired to one of defendant Allen's personal accounts. [Vito Decl., ¶2.] The Commission expects that further such evidence is just waiting to be uncovered.

5. Upon a similar showing of "good cause," the Commission may obtain an extension of the TRO for up to fourteen days. Fed. R. Civ. P. 65(b)(2). A fourteen-day extension of the TRO is reasonable in three respects: (1) the Commission would have time to conduct expedited discovery; (2) Allen and Daub's obligation to submit an accounting would be triggered;[3] and (3) Allen, Daub, and any attorneys who file an appearance on their behalf would have more time to prepare for the hearing.

If the Court declines to grant the relief requested above, then the Commission requests that the hearing on its preliminary injunction motion, now scheduled for April 13, be postponed until April 14. The reason is simple. Attorney Vito, whose declaration is a central part of the

---

[3] Paragraph V of the TRO provides that the defendants must submit an accounting within five business days after being served with the order.

Commission's evidentiary materials, will be returning from a family vacation on April 13. [Vito Decl., ¶3.] Postponing the hearing by one day will enable him to attend the hearing and be available to testify should either the Court or the defendants so desire.

        Respectfully submitted,

        **SECURITIES AND EXCHANGE COMMISSION**

        By its attorneys,

        /s/ *Frank C. Huntington*
        Frank C. Huntington (Mass. Bar No. 544045)
           Senior Trial Counsel
        Michael J. Vito (Mass. Bar. No. 675524)
           Enforcement Counsel
        Boston Regional Office
        33 Arch Street
        Boston, MA 02110
        (617) 573-8960 (Huntington direct)
        (617) 573-4590 (fax)
        huntingtonf@sec.gov

Dated: April 8, 2015

## CERTIFICATE OF SERVICE

     I hereby certify that on April 8, 2015, true copies of the foregoing motion, the Declaration of Michael J. Vito, Esq., and the proposed form of Order were filed by electronic means using the Court's Electronic Case Filing (ECF) system. In addition, I have caused copies of these items to be sent by email to defendants William Allen (at wallen@capfinp.com) and Susan Daub (at sdaub@capfinp.com) and to be served upon defendants Allen and Daub by overnight delivery to their last known addresses.

        */s/ Frank C. Huntington*
        Frank C. Huntington