UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                         )
SECURITIES AND EXCHANGE COMMISSION,   )
                                         )
            Plaintiff,                 )
                                         )
       v.                         )   Case No. 1:15-cv-14477-IT
                                         )
CAPITAL FINANCIAL PARTNERS, LLC,    )
CAPITAL FINANCIAL HOLDINGS, LLC,    )
CAPITAL FINANCIAL PARTNERS        )
  ENTERPRISES, LLC,                )
WILLIAM D. ALLEN and           )
SUSAN C. DAUB,                )
                                         )
            Defendants,            )
                                         )
      and                     )
                                         )
WJBA INVESTMENTS, LLC,        )
INSURANCE DEPOT OF AMERICA LLC,    )
SIMPLIFIED HEALTH SOLUTIONS LLC and  )
SIMPLIFIED HEALTH SOLUTIONS 2, LLC,  )
                                         )
            Relief Defendants.      )
_____ )

**DEFENDANTS AND RELIEF DEFENDANTS PARTIAL OPPOSITION
TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendants and Relief Defendants oppose the conversion of the existing temporary restraining order into a preliminary injunction only to the limited extent that the existing order denies the individual defendants and the relief defendants access to their assets, imposes severe hardship on them and precludes them from meeting current obligations. While defendants deny the allegations made against them, they do not otherwise oppose the entry of the preliminary injunction, subject to the right to seek dissolution or modification at a later date.

## BACKGROUND

On April 1, 2015, on motion of the plaintiff United States Securities Exchange Commission ("Commission"), this Court entered a temporary restraining order ("TRO") that, among other things, froze defendants assets and, subject to a $5,000 carve-out, precluded defendants from using any of their funds for any purpose, including to meet current obligations, pay ordinary living expenses or pay to defend this action.  On April 9, 2015, the parties agreed to extend the TRO until April 28, 2015 and in connection with that extension the Commission agreed to increase the defendants' access to funds for living expenses to $10,000 each for the 28 day period from the inception of the TRO to the date of its expiration, which the Court entered as an Order.  *See* Docket No. 34.   Defendants have been and continue to be denied access to even those funds because their banks refuse to honor the carve-out.

With these severe restraints, defendants were faced with the task of retaining professionals to address the allegations against them and to defend in this action.  Inability to access assets made that difficult and it took several days to effect those retentions.  Moreover, while defendants' banks provided information to the Commission, they have withheld information from their own customers.  Defendants recognize that they are not in a position to address the merits of the case and, accordingly, are unable to oppose the imposition of the preliminary injunction in most regards.  They do oppose, however, imposition of an order that leaves them unable to pay bills as they become due for ordinary and usual living expenses.[1]

*Carve Out From Freeze Order and Source of Funds.*

Defendants William Allen has monthly expenses of more than $20,000, as detailed on Exhibit 1.  The largest items are the pre-existing mortgage obligation and tuition for his three

---

[1] Defendants and Relief Defendants have had, and are continuing to have, discussions with the Commission about whether the parties could reach agreement on the amount of monthly funds to be made available to them.

children, ages 10, 12 and 15.  He also pays $880.45 a month on a mortgage for a home occupied by his mother.  Defendant Susan Daub has monthly expenses of more than $11,000 as detailed on Exhibit 2.  Her largest expenses are a mortgage payment for a home occupied by her two adult children and an apartment that she rents for $2,300 per month.  The Commission previously agreed that each could have $10,000 for the first 28 days of April (although they have not yet been able to access these funds).  Defendants ask that they be allowed access to funds to pay their recurring obligations and living expenses as set forth below.[2]

*Allen Carve Out*

Allen, as a former professional football player received a net check of $4,695.94 per month for what is called line of duty payments, which is a type of disability payment available to former NFL players.  These funds obviously have nothing to do with the matters alleged in the complaint.  Allen seeks to have access to those funds as they are received.  Secondly, Allen and Daub own Relief Defendants Simplified and Insurance Depot, which are insurance businesses that generate surplus revenue of more than $47,000 per month, after expenses, as the result of commissions they receive for selling health insurance.  Allen seeks to receive a weekly salary of $3,000 from Simplified which would yield a net payment of approximately $2,353 per week provided that commissions generate sufficient funds.  Lastly, Allen has approximately $37,000 in a personal checking account.  He seeks to be permitted to withdraw from that account each month the amount that would bring the total cash available to $20,000.  Defendants estimate that amount would be approximately $5,891 per month from the bank account.

In addition, Allen seeks a carve-out that provides he may take employment with an employer not affiliated with any defendant or relief defendant and have unlimited access to those

---

[2] Defendants have provided the Commission with bills supporting their larger expenses and will provide them to the Court at the hearing because of privacy and personal information concerns.

funds.  Defendants do not believe that the TRO was intended to preclude defendants from

earning money from such work or that it was intended to impose a 100% garnishment of wages

before any judgment has been obtained.

*Daub Carve Out*

Daub has no source of funds other than to be put on the payroll of Simplified and seeks

also to have a salary of $3,000 a week provided that commissions generate sufficient funds.  As

an after tax amount, this is likely to yield less than the $10,000 per month to which this Court has

already determined she could have access for the month of April.

To be clear, Allen and Daub seek access to these amounts on a monthly basis going

forward.  They are being sought in addition to the $10,000 for the past month which this Court

has already authorized, but to which they have not yet received.  *See* Docket No. 34.

*Simplified/Insurance Depot Carve Out*

Simplified and Insurance Depot also seek a carve-out a limited amount of funds so that

they can continue to pay their ordinary business expenses and continue to operate.  As shown on

Exhibit 3, their ordinary business expenses can be reduced down to roughly $19,835 per month

and they receive, on a monthly basis, recurring commissions of more than $67,000.  Even

including the salaries to be paid to Allen and Daub provided above, these companies would have

more than $20,000 in remaining funds each month.

**CONCLUSION**

The defendants find themselves in a nightmare where they are faced with serious

allegations but denied resources to defend, pay their bills and meet living expenses.  They are

prepared to live with the consequences of a fair preliminary injunction but need to have

reasonable access to their assets to live day to day.  Some of the money as to which they seek

4

access would be used to preserve their assets.  It would not be in the public interest to allow the

erosion of defendant's assets even presuming the Commission's allegations are correct.

        CAPITAL FINANCIAL PARTNERS, LLC., CAPITAL
FINANCIAL HOLDINGS, LLC, CAPITAL FINANCIAL
PARTNERS ENTERPRISES, LLC, WILLIAM D. ALLEN,
SUSAN C. DAUB, WJBA INVESTMENTS, LLC,
INSURANCE DEPOT OF AMERICA LLC, SIMPLIFIED
HEALTH SOLUTIONS LLC and SIMPLIFIED HEALTH
SOLUTIONS 2, LLC

By their attorneys,


/s/ Christopher J. Marino
Gary S. Matsko
BBO # 324640
gmatsko@davismalm.com
Christopher J. Marino
BBO # 655007
cmarino@davismalm.com
DAVIS MALM & D'AGOSTINE, P.C.
One Boston Place
Boston, MA  02108
(617) 367-2500


Dated:  April 27, 2015


## CERTIFICATE OF SERVICE

        I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on April 27, 2015.

        /s/ Christopher J. Marino
        Christopher J. Marino
        BBO # 655007

731349.2