UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL FINANCIAL PARTNERS, LLC,<br>CAPITAL FINANCIAL HOLDINGS, LLC,<br>CAPITAL FINANCIAL PARTNERS<br>   ENTERPRISES, LLC,<br>WILLIAM D. ALLEN and<br>SUSAN C. DAUB,<br><br>Defendants,<br><br>and<br><br>WJBA INVESTMENTS, LLC,<br>INSURANCE DEPOT OF AMERICA LLC,<br>SIMPLIFIED HEALTH SOLUTIONS LLC and<br>SIMPLIFIED HEALTH SOLUTIONS 2, LLC,<br><br>Relief Defendants. | Case No. 15-cv-11447 |

### DECLARATON OF PATRICK J. NOONE

Patrick J. Noone, pursuant to 28 U.S.C. §1746, hereby declares as follows:

1.     Since December 2007, I have been employed at the U.S. Securities and Exchange Commission ("the Commission") in its Boston Regional Office. I am currently a Senior Staff Accountant. My duties include conducting investigations relating to potential violations of the federal securities laws. I make this declaration based upon my personal knowledge as set forth below and in support of the Commission's *ex parte* motion for emergency relief.

2. I hold a Bachelor of Arts in Economics/Accounting from the College of the Holy Cross. I am a Certified Public Accountant in the Commonwealth of Massachusetts and a Certified Fraud Examiner.

3. My prior relevant experience includes five years performing forensic accounting for Deloitte Financial Advisory Services, LLP, where I worked on financial fraud matters including financial statement fraud and asset misappropriation, and three years as an auditor at Arthur Andersen LLP.

4. I write this declaration to supplement the declaration I submitted to the Court on April 1, 2015 in connection with the Commission's Ex Parte Motion for a Temporary Restraining Order, Order Freezing Assets, and Order for Other Equitable Relief.

5. Since submitting my declaration on April 1, 2015, I have analyzed certain additional bank records concerning defendants William Allen ("Allen"), Susan Daub ("Daub"), Capital Financial Partners, LLC, Capital Financial Partners Enterprises, LLC (collectively, "Capital Financial"), and relief defendants Simplified Health Solutions, LLC, Simplified Health Solutions 2, LLC (collectively ("Simplified Health"), Insurance Depot of America, LLC ("Insurance Depot"), and WJBA Investments, LLC ("WJBA") that the Commission staff has obtained through expedited discovery.

6. The additional bank records I have analyzed include monthly statements and copies of supporting documentation for (1) the Bank of America account ending 8156 in the name of Capital Financial Partners Enterprises LLC (Escrow) with Allen and Daub as named signatories – the account was opened in December 2013 and is still open, (2) the Merrill Lynch account ending 7398 in the name of Will Allen – the account was opened in February 2015 and is still open, and (3) the Bank of America account ending 8798 in the name of Will D. Allen –

the account was opened before May 2012 and is still open. I have also analyzed balance information obtained by the Commission for bank accounts subject to this Court's April 1, 2015 asset freeze order at Bank of America, Merrill Lynch, Wells Fargo, and Dawson James Securities.

7. I have updated the analysis described in my April 1, 2015 declaration to include (1) the additional bank account information described, (2) additional knowledge obtained by the Commission staff concerning various entities and individuals, and (3) the preliminary accounting provided to the Commission by Defendants on April 21, 2015, a true and accurate redacted copy of which is attached hereto as **Exhibit 1**.

8. My analysis of the bank records and other documents indicates that, from June 2012 through March 31, 2015, Capital Financial raised approximately $36 million from at least 41 investors and advanced approximately $20.5 million to athletes. During the same time period, Capital Financial paid approximately $21.8 million to investors while it received approximately $13.4 million of loan repayments from athletes.

9. In total, Allen, Daub, and the Relief Defendants have received net amounts from Capital Financial of approximately $7.4 million, $6.9 million more than Defendants' accounting suggests that Capital Financial actually earned from operating its business.

    a. Allen or entities related to Allen have received net amounts from Capital Financial of approximately $5.1 million, including approximately $579,000 in March 2015 in the form of wire transfers to personal accounts and checks cashed for back payroll obligations.

    b. Daub or entities related to Daub have received net amounts from Capital Financial of approximately $432,000, including more than $80,000 in March 2015 from

Capital Financial in the form of cashed checks, some of which were for back payroll obligations.

c. Insurance Depot has received net amounts from Capital Financial of approximately $633,000, including approximately $20,000 in March 2015.

d. Simplified Health has received net amounts from Capital Financial of approximately $413,000, including approximately $75,000 in March 2015.

10. In March 2015, Capital Financial's bank records indicate it obtained more than $4.2 million from investors and approximately $39,000 from athletes for payments on outstanding loans. Capital Financial paid existing investors more than $1.5 million on existing athlete loan investments.

a. Capital Financial obtained approximately $1.1 million from investors for a purported $1.7 million dollar loan to a National Football League player. True and accurate redacted copies of documents obtained from investors by the Commission concerning this loan are attached hereto as **Exhibits 2–10**. Only $1.0 million of the invested capital is accounted for in Defendants' accounting. Defendants' accounting also indicates that the player received two loans totaling $1 million and $700,000, respectively, during the relevant time period. Capital Financial's bank records reflect no payments to this player during the relevant time period.

b. Capital Financial obtained approximately $2.5 million from investors for a purported $2.5 million dollar loan to a National Football League player. True and accurate redacted copies of documents obtained from investors by the Commission concerning this loan are attached hereto as **Exhibits 11–18**. Only

$1.85 million of the invested capital is accounted for in Defendants' accounting. Defendants' accounting also indicates that a loan to this athlete during the relevant time period was in the amount of $500,000, not $2.5 million. Capital Financial's bank records reflect that no $2.5 million loan was made to this player during the relevant time period.

c. Capital Financial obtained approximately $250,000 from investors for a purported $250,000 loan to a National Football League draft prospect. A true and accurate redacted copy of a document obtained from an investor by the Commission concerning the loan is attached hereto as **Exhibit 19**. Defendants' accounting does not indicate a loan to this player was made during the relevant time period. Capital Financial's bank records reflect no payments to this athlete during the relevant time period.

11. As of the date of the implementation of this Court's temporary restraining order, Defendants and Relief Defendants had a total of approximately $923,000 in their bank accounts.

Executed this 27th day of April 2015.

_____
Patrick J. Noone
Senior Staff Accountant
Securities and Exchange Commission
Boston Regional Office
33 Arch Street
Boston, MA 02110