UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL FINANCIAL PARTNERS, LLC,<br>CAPITAL FINANCIAL HOLDINGS, LLC,<br>CAPITAL FINANCIAL PARTNERS<br>   ENTERPRISES, LLC,<br>WILLIAM D. ALLEN and<br>SUSAN C. DAUB,<br><br>Defendants,<br><br>and<br><br>WJBA INVESTMENTS, LLC,<br>INSURANCE DEPOT OF AMERICA LLC,<br>SIMPLIFIED HEALTH SOLUTIONS LLC and<br>SIMPLIFIED HEALTH SOLUTIONS 2, LLC,<br><br>Relief Defendants. | Case No. 1:15-cv-14477-IT |

**ASSENTED TO PRELIMINARY INJUNCTION,
<u>ORDER FREEZING ASSETS, AND ORDER FOR OTHER EQUITABLE RELIEF</u>**

Having considered the Motion for a Preliminary Injunction filed by Plaintiff Securities and Exchange Commission ("the Commission") on April 8, 2015 [Dkt. #24], the Complaint [Dkt. #1], the evidentiary materials and memorandum of law filed by the Commission on April 1, 2015 [Dkt. ##5–7 ], and with the consent of Defendants Capital Financial Partners, LLC, Capital Financial Holdings, LLC, Capital Financial Partners Enterprises, LLC, William D. Allen, and Susan C. Daub ("Defendants"), and Relief Defendants WJBA Investments, LLC, Insurance Depot of America, LLC, Simplified Health Solutions LLC, and Simplified Health Solutions 2, LLC ("Relief Defendants") to entry of a Preliminary Injunction, Order Freezing Assets, and

Order for Other Equitable Relief ("the Preliminary Injunction"), the Court finds entry of the Preliminary Injunction as set forth below is appropriate and in the public interest; and without prejudice to the right of the Defendants and Relief Defendants to ask the Court to modify or dissolve the Preliminary Injunction at a later date:

## I.

**IT IS HEREBY ORDERED** that the Defendants and each of their agents, servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and each of their agents,

servants, employees, attorneys, and other persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise (including by fax, email, or overnight delivery service) are preliminarily enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instrumentalities of interstate commerce or the mails or of any facility of any national securities exchange, in the offer or sale of any security:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining any money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS HEREBY FURTHER ORDERED** that the asset freeze imposed by Paragraph III of the Temporary Restraining Order, Order Freezing Assets, and Order for Other Equitable Relief entered by the Court on April 1, 2015 ("the Temporary Restraining Order") [Dkt. #10], as modified by the Orders entered by the Court on April 9, 2015 and April 16, 2015 [Dkt. # 34, 40] shall continue in full force and effect, and all such funds and other assets shall remain frozen, subject to the following:

    (a)    Within seven (7) days from the entry of this Order, Defendant Allen shall deposit all funds in his control or disposal not presently held at another financial

|     | |
| --- | --- |
|     | institution into a personal bank account subject to this Order. Defendant Allen shall also deposit all gold or other precious metals in his control or subject to his disposal into a safe deposit box at the same bank to the extent the value of such gold or other precious metals, in defendant's good faith estimate, exceeds $1,000. |
| (b) | After Defendant Allen has provided a declaration to the Court under penalty of perjury that (1) states he has complied with paragraph III(a) of this Order and (2) identifies the name and account number of the bank account where the funds identified in paragraph III(a) of this Order were deposited, Defendant Allen shall furnish the declaration to the bank identified therein. Upon receipt of the declaration from Defendant Allen, the bank identified therein shall issue Defendant Allen a check in the amount of $2,000 on the first day of each month during the pendency of this litigation. |
| (c) | Defendant Allen shall, during the pendency of this litigation, deposit all funds received from any source into the personal bank account where he deposited the funds described in paragraph III(a) of this Order. |
| (d) | Within seven (7) days from the entry of this Order, Defendant Daub shall deposit all funds in her control or disposal not presently held at another financial institution into a personal bank account subject to this Order. Defendant Daub shall also deposit all gold or other precious metals in her control or subject to her disposal into a safe deposit box at the same bank to the extent the value of such gold or other precious metals, in defendant's good faith estimate, exceeds $1,000. |

(e)  Defendant Daub shall be permitted to take a distribution from Simplified Health Solutions, LLC in the amount of $2,500 per month which shall be deposited into the bank account identified in paragraph III(d), but only to the extent that such funds are available from commissions earned by Simplified Health Solutions since April 1, 2015 after payment of ordinary business expenses since April 1, 2015, as described in paragraph III(i) of this Order.

(f)  After Defendant Daub has provided a declaration to the Court under penalty of perjury that (1) states she has complied with paragraph III(d) of this Order and (2) identifies the name and account number of the bank account where the funds identified in paragraph III(d) of this Order were deposited, Defendant Daub shall furnish the declaration to the bank identified therein.  Upon receipt of the declaration from Defendant Daub, the bank identified therein shall issue Defendant Daub a check in the amount of $2,000 on the first day of each month during the pendency of this litigation.

(g)  Defendant Daub shall, during the pendency of this litigation, deposit all funds received from any source into the personal bank account where she deposited the funds described in paragraph III(d) of this Order.

(h)  Relief Defendants Simplified Health Solutions, LLC and Simplified Health Solutions 2, LLC (collectively "Simplified") shall submit to the Court a declaration under penalty of perjury that identifies a single bank account by name and account number to be used for operations during the pendency of this

litigation.  The bank identified in the declaration described in this paragraph shall not place an asset freeze on the account described in the declaration.

(i) Relief Defendant Simplified shall deposit all funds received from all sources in the business bank account described in paragraph III(h) of this Order.  Simplified is entitled withdraw not more than $8,000 each month from the business bank account described in paragraph III(h) of this Order to pay ordinary business expenses provided that the total sums withdrawn since April 1, 2015 do not exceed commissions earned by Simplified since April 1, 2015.  Ordinary business expenses shall exclude any payment to any Defendant or Relief Defendant or any payment to a third party for the benefit of any Defendant or Relief Defendant.

(j) Relief Defendant Simplified shall provide the Commission with monthly reports concerning total commissions earned and expenses paid.  The Commission may inform the bank holding the business bank account described in paragraph III(h) of this Order by overnight mail that Relief Defendant Simplified has failed to meet the conditions described by paragraph III(i) of this Order.  Upon receipt of such a letter from the Commission, the bank holding the business bank account described in paragraph III(h) of this Order shall freeze all assets in the business bank account.

(k) Relief Defendant Insurance Depot of America, LLC ("Insurance Depot") shall submit to the Court a declaration under penalty of perjury that identifies a single bank account by name and account number to be used for operations during the pendency of this litigation.  The bank identified in the declaration described in

        this paragraph shall not place an asset freeze on the account described in the declaration.

(l)     Relief Defendant Insurance Depot shall deposit all funds received from all sources in the business bank account described in paragraph III(k) of this Order. Insurance Depot is entitled withdraw not more than $12,000 each month from the business bank account described in paragraph III(k) of this Order to pay ordinary business expenses provided that the total sums withdrawn since April 1, 2015 do not exceed commissions earned by Insurance Depot since April 1, 2015. Ordinary business expenses shall exclude any payment to any Defendant or Relief Defendant or any payment to a third party for the benefit of any Defendant or Relief Defendant.

(m)     Relief Defendant Insurance Depot shall provide the Commission with monthly reports concerning total commissions earned and expenses paid.  The Commission may inform the bank holding the business bank account described in paragraph III(k) of this Order by overnight mail that Relief Defendant Insurance Depot has failed to meet the conditions described by paragraph III(l) of this Order.  Upon receipt of such a letter from the Commission, the bank holding the business bank account described in paragraph III(k) of this Order shall freeze all assets in the business bank account.

(n)     All Defendants and Relief Defendants shall furnish to the Commission, within three (3) days of receipt, all monthly account statements from all bank accounts held.

(o) The sums enumerated above are in addition to the sums Allen and Daub were authorized to draw by the Temporary Restraining Order, as modified by the Court's April 9, 2014 Order [Dkt. # 34] and to which Insurance Depot was authorized to pay pursuant to Court's April 16, 2014 Order [Dkt. # 40]. The amounts awarded by these prior order shall be deposited into the accounts identified in paragraphs III(a), III(d), and III(k), respectively, of this Order, and the first check from the bank which Defendant Allen and Daub receive shall be in the amount of $12,000, which shall include the amounts authorized pursuant to the Court's April 9 Order and the first month Insurance Depot shall be able to pay expenses of $18,800.07 which shall include the amount to be paid to employees pursuant to the Court's April 16 Order.

### IV.

**IT IS HEREBY FURTHER ORDERED** that the prohibition on soliciting actual or prospective investors, accepting monies from investors, and opening new accounts at banks, brokerage firms, and other financial institutions imposed by Paragraph VI of the Temporary Restraining Order shall continue in full force and effect.

### V.

**IT IS HEREBY FURTHER ORDERED** that the prohibition on destroying documents and other evidence imposed by Paragraph VII of the Temporary Restraining Order shall continue in full force and effect.

### VI.

**IT IS HEREBY FURTHER ORDERED** that this Preliminary Injunction shall remain in full force and effect until entry of a Final Judgment in, or other final disposition of, this action, unless sooner dissolved or modified by order of the Court.

_____
UNITED STATES DISTRICT JUDGE

Dated: April \_\_\_, 2015